**STATE of Missouri, Plaintiff-Respondent,**

v.

**Alice M. JACKSON, Defendant-Appellant.**

**No. WD32718.**

Missouri Court of Appeals, Western District.

Dec. 14, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 1, 1983.

Mark D. Johnson, Nation & Curley, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Kristie Green, Asst. Atty. Gen., for plaintiff-respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Defendant was convicted of stealing property of the value of at least $150. She was sentenced to five years and appeals asserting in three separate points a single issue of warrantless search.

Defendant and an accomplice were arrested for shoplifting in Harzfeld's in Columbia, Missouri. The defendant and her companion, both black females, appeared in Harzfeld's and obtained several expensive items of apparel which they took to the dressing rooms. One of the clerks attempted to enter the dressing room and was barred entry to the dressing room. Their suspicions excited, the staff of Harzfeld's kept the pair under close observation. The defendant and her accomplice were both wearing large tent-like dresses. The two purchased a dressing gown and robe and left Harzfeld's after first going to the ladies room on the floor below the shop in which they had tried on the dresses. The sales staff immediately checked the inventory and discovered approximately $2,200 worth of expensive clothing was missing, and the store was searched for either the clothing or the "no goes" that had been attached to the clothing to electronically sound an alarm if the clothing were surreptitiously removed from the store. The "no goes" were found in the ladies room and gave evidence of having been cut from the clothing, in a manner like the process utilized by employees after a sale. Because of their concern about the pair, the sales persons observed them leave the store and enter a bright blue Mustang II vehicle. The police were called, and one of the sales persons went with a policeman to search for the vehicle. The manager, in the meantime, called several other stores in the Columbia area to see if the pair had been observed elsewhere. In the course of this investigation, the manager determined that the pair were in a store named David Paine's a short distance from Harzfeld's. The police went to the store and arrested the pair as they emerged. In the meantime, the police had located the blue Mustang II parked across from David Paine's in front of Susie Scott's. The police kept the car under surveillance, and the pair denied any connection with the vehicle. The police towed the vehicle to the police garage, searched it, and found a ladies purse containing identification of the defendant as well as the robe purchased at Harzfeld's. At some point, the police determined that the employees at Susie Scott's saw the described females leave the blue vehicle parked in front of Susie Scott's. This identification by the employees was made upon the basis of the tent-like dresses which all of the witnesses described as unusual in cut and fabric. These witnesses appeared at the trial and identified the clothing taken by the police at the time of the arrest as being the clothing worn by the females who emerged from the blue Mustang when it was parked in front of Susie Scott's. This record does not contain any

reference to it, but this case appears to be a companion case to *State v. [Doris A.] Jackson,* 627 S.W.2d 880 (Mo.App.1982). In three separate points, the defendant claims that the materials taken from the trunk of the blue Mustang were erroneously admitted in evidence. First, the defendant argues that there was no probable cause citing *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Secondly, the defendant argues that the evidence should not have been admitted because the officers were required to obtain a search warrant before searching the vehicle because there were no exigent circumstances; and third, the admission of the purse is specifically challenged under the doctrine of *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), and *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). A short and complete answer to these contentions is found in *United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In *Ross,* the Supreme Court of the United States discussed the automobile search doctrine and enunciated a new doctrine with respect to the search of automobiles as well as containers found in those automobiles. Under the rule stated in that case, the court held that police officers who had probable cause to believe that contraband was concealed in an automobile could conduct a warrantless search of the vehicle, and any containers found in the vehicle regardless of the nature of the containers.

■ There can be no doubt that probable cause existed for the officers to believe that this vehicle contained contraband, the stolen goods from Harzfeld's. The citation by the defendant of *Brinegar, supra,* is inapposite since the facts in the instant case demonstrate much more than a suspicion of the presence of contraband in the vehicle. The only distinction on the facts between this case and *Ross* is that the vehicle was not stopped by the police. That distinction is without a difference since the evidence in this case clearly ties the suspects to the parked vehicle and its *immediate* use in criminal activities. The issue posed by the factual situation in *In Re JRM,* 487 S.W.2d

502 (Mo. banc 1972), and *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), is not present in the instant case because the facts of the instant case demonstrate what could be said to be "hot pursuit." The question of the application of *Ross, supra,* to facts like those in *JRM, supra,* and *Coolidge, supra,* may be deferred until such factual situations are presented. The scope of the search in this case is well within the limits of the search permitted in *Ross,* which holds that a warrantless search of a vehicle is appropriate when probable cause exists that the vehicle contains contraband and that the scope of such a warrantless search is defined not by the nature of a container within the automobile but the object of the search and the places in which there is probable cause to believe that it may be found. Part of the contraband sought in this search was the instrument used to sever the "no goes" from the merchandise, as well as evidence of the identity of the occupant of the vehicle. Both of these items were discovered in the purse found in the vehicle. Under the ruling of *Ross, supra,* the judgment of conviction must be affirmed.

All concur.