STATE of Missouri, Respondent,

v.

Roger Lee LAWRENCE, Appellant.

No. 46679.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 13, 1984.

Henry J. Rieke, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Roger Lee Lawrence guilty of stealing. The trial court sentenced him as a persistent offender to ten years in prison.

■ Here defendant contends the court erred in denying his motion to suppress state's evidence the stolen goods were found in defendant's car.

The state's evidence: A store guard saw two women run from the store and get into a car driven by defendant. The car raced away followed by alerted police; they arrested defendant, moved him to a police car and then searched his car. There police found stolen coats and these were admitted in evidence. This over defendant's objection the coats had been illegally seized without a search warrant. That is the point he raises here.

In *State v. Epperson*, 571 S.W.2d 260, 263[1–3] (Mo. banc 1978) the court held there is no need for a search warrant when a valid arrest is made and the challenged search is incidental thereto.

This was followed in *State v. Jackson*, 646 S.W.2d 367, 369 (Mo.App.1982), adopting the rule in *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) where the court had:

"discussed the automobile search doctrine and enunciated a new doctrine with respect to the search of automobiles as well as containers found in those automobiles. Under the rule stated in that case, the court held that police officers who had probable cause to believe that contraband was concealed in an automobile could conduct a warrantless search of the vehicle, and any containers found in the vehicle regardless of the nature of the containers."

Defendant's challenge to the search has no merit.

Defendant also contends the ten year sentence was excessive. It was within statutory limit and the trial court did not err in imposing it.

Affirmed.

STEPHAN, P.J., and SIMON, J., concur.