**STATE of Missouri, Respondent,**

v.

**Joseph H. HOLZSCHUH, Appellant.**

No. 48486.

Missouri Court of Appeals,
Eastern District,
Division Six.

May 1, 1984.

Theodore G. Pashos, Asst. Pros. Atty., Union, for appellant.

David Hoven, Pacific, for respondent.

REINHARD, Judge.

The state has filed an interlocutory appeal from a trial court's ruling denying the admission of breathalyzer results into evidence. Defendant has filed a motion to dismiss the appeal. We find that defendant's motion has merit and dismiss the appeal.

Defendant was charged with driving while intoxicated. On March 7, 1984, the jury was impaneled and trial commenced. The state presented the testimony of a Pacific police officer and a Missouri State Highway patrolman, Corporal D.W. Storie. Storie testified he administered a breathalyzer test to the defendant. Thereafter, the court refused to allow Corporal Storie to testify as to the results of the breathalyzer test on the grounds that a proper foundation had not been laid. It is from this latter ruling that the state appeals.

The state may appear in criminal cases only as provided in section 547.200. *State v. Little River Drainage District,* 490 S.W.2d 675, 676 (Mo.App.1973). Section 547.200 was repealed in 1983 and a new statute enacted effective September 28, 1983, which has broadened the scope of the state's right to appeal. Laws, 1983, p. 931. It now provides *inter alia* that the state may file an interlocutory appeal from "any order or judgment the substantive effect of which results in ... [s]uppressing evidence or ... [s]uppressing a confession or admission." The state argues that the trial court's ruling in this case was an order that had the substantive effect of suppressing evidence.

This is a case of first impression in Missouri. We note this issue has been the source of much litigation in our sister state of Illinois. *See People v. Phipps,* 83 Ill.2d 87, 46 Ill.Dec. 164, 413 N.E.2d 1277 (1980); *People v. McQueen,* 115 Ill.App.3d 833, 71 Ill.Dec. 233, 450 N.E.2d 921 (1983); (what constitutes suppression of evidence); *People v. Flatt,* 82 Ill.2d 250, 45 Ill.Dec. 158, 412 N.E.2d 509 (1980); *People v. Johnson,* 113 Ill.App.3d 367, 69 Ill.Dec. 285, 447 N.E.2d 502 (1983).

 We have concluded that § 547.200, RSMo.Supp.1983, was not meant to provide the state the right to appeal a mid-trial evidentiary ruling. Subsection (5) of § 547.200 provides that the Supreme Court shall issue appropriate rules to facilitate the disposition of such appeals, "balancing the right of the state to review the correctness of *pre-trial decisions* of a trial court against the rights of the defendant to a speedy trial...." (emphasis added). This was not a pre-trial ruling. The Supreme Court has not yet promulgated rules implementing this section. Nonetheless, the statute manifests a legislative intent limiting the state's right to appeal to pre-trial decisions, unlike the ruling in this case.

1. These grounds are: that the search and seizure were without warrant and without lawful authority; that the warrant was improper upon its face or was illegally issued; that the warrant was illegally executed; that the property seized

 Moreover, we believe suppression of evidence referred to in the statute relates to those matters properly raised by motion as authorized in Section 542.296, RSMo. 1978. This statute provides for pre-trial motions to suppress unlawfully seized evidence upon specifically enumerated grounds. § 542.296.5 [1] The state's failure to lay a proper foundation for breathalyzer results is not within the proper scope of a motion to suppress evidence, § 547.296.5, RSMo.1978, and does not constitute "suppressing evidence" within the meaning of § 547.200, RSMo.Supp.1983.

Appeal dismissed.

CRANDALL, P.J., and STEPHAN, J., concur.

was not described in the warrant; or that in any other manner the search and seizure violated the rights of movant under Mo. Const. Art. I, § 15 or the fourth and fourteenth amendments to the United States Constitution.