STATE of Missouri, Plaintiff-Appellant,

v.

Lawrence Stanley BERKWIT, Defendant-Respondent.

No. 49478.

Missouri Court of Appeals, Eastern District, Division One.

March 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Rehearing Denied April 11, 1985.

Application to Transfer Denied May 29, 1985.

Anthony Peter Gonzalez, Asst. Pros. Atty., St. Louis, for appellant.

Peter McDonald Stragand, St. Louis, for respondent.

KAROHL, Judge.

The state appeals a trial court order sustaining defendant's motion to quash a search warrant and further ordering the evidence seized in the execution of that warrant suppressed. § 547.200 RSMo Supp.1984. Defendant-respondent has moved to dismiss the appeal for the reasons discussed in this court's opinion in *State v. Holzschuh,* 670 S.W.2d 184 (Mo. App.1984), i.e. that the state may not appeal mid-trial rulings.

■ We reaffirm the conclusion that § 547.200 RSMo Supp.1984 "was not meant to provide the state the right to appeal a mid-trial evidentiary ruling." *Holzschuh,* 670 S.W.2d at 185. However we overrule the motion to dismiss and distinguish the present case on its facts. The trial court ruling in *Holzschuh* was in response to an objection to testimony based on lack of proper foundation. The ruling appealed here was in response to a pre-trial motion to quash. The parties agreed to select the jury and then present testimony on the motion. The jury was sworn and excused to return the next day. The procedure was apparently done by agreement and for the convenience of all concerned. The parties and the court were proceeding in the absence of appropriate Supreme Court rules to implement § 547.200.5 RSMo Supp.1984. Without reaching the question of whether the agreed procedure resulted in a ruling mid-trial we believe on these facts that it would be unfair to dismiss the appeal since there was no precedent to alert the state or the court of the risk of waiving of § 547.-200 rights by beginning the trial before a ruling on the pre-trial motion to quash the search warrant. Consequently, we find, for this case only, that the act of swearing in the jury is an insufficient basis to determine that the trial had begun so as to require dismissal under our holding in *Holzschuh.* Without deciding when trial

has begun for this purpose we overrule the motion to dismiss for this case only and review the trial court's order as a response to a motion filed even before the parties announced ready for trial.[1]

Defendant's motion to quash was premised on the belief that the search was invalid because it violated § 542.266 RSMo 1978 and § 542.276 RSMo Supp.1984. The motion was not based upon either federal or state constitutional grounds. The trial court order was based on the statutory grounds and reads in part:

> The court sustains defendant's Motion to Quash Search Warrant because Missouri statutes do not authorize a court of this circuit to order a search of an automobile which is detained in another circuit at the time of the application of the search warrant. The court further orders that the evidence seized in the execution of that search warrant be suppressed and held inadmissible on any legal theory.

Section 542.266 RSMo 1978 provides:

> 1. A search warrant is a written order of a court commanding the search of a person, place, or thing and the seizure, or photographing or copying, of property found thereon or therein.
>
> 2. A search warrant may be issued by an appellate judge or by any judge of a court having original jurisdiction of criminal offenses within the territorial jurisdiction where the person, place, or movable or immovable thing to be searched is located at the time of the making of the application.

The basic facts are simple and undisputed. Defendant was arrested on the underlying charge on May 10, 1984 in Springfield (Greene County), Missouri. At the time of arrest a towing company under contract with the Springfield Police Department towed the automobile to the company's lot. On that day Detective Roe, a St. Louis police officer, applied to City of St. Louis Circuit Judge Peek for a search warrant to search defendant's automobile. On a form provided for the purpose Detective Roe filed an affidavit describing property that may have been within the automobile, which was "... currently being held ... at Southern Missouri Towing ... Springfield, Mo." This description was typed on the affidavit. However the printed form said, "... is now being held and kept at the following place in the said City and State." The form applies to St. Louis, Missouri. The warrant in question contains the same conflicting descriptions and was on a St. Louis City printed form.

▪ Judge Peek had no authority to issue the warrant. His act was not authorized by the provisions of § 542.266 RSMo 1978 because he was not a judicial officer in Greene County, Missouri. It is clear that all the facts of the case were presented to him, that the printed warrant form complied with the statute, and that the warrant was internally inconsistent. Of greater importance, a search warrant must be "signed by the judge," § 542.276.6(7) RSMo Supp.1984, and is deemed invalid "[i]f it was not issued by a judge," § 542.276.10(1) RSMo Supp.1984, or "[i]f it was not issued in the proper county," § 542.276.10(4) RSMo Supp.1984. Violation of these provisions rendered the warrant invalid. The trial court correctly reached this conclusion.

The state's first argument here is that the court misapplied constitutional principles espousing the "good faith" exception to the exclusionary rule developed in Fourth Amendment cases and cites recent United States Supreme Court decisions, *U.S. v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and *Massachusetts v. Sheppard,* —— U.S. ——, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984).

▪ The trial court found the officer conducted the search in good faith but denied the state's request to allow the evi-

---

**1.** The trial court entered an order suspending the jury trial pending this appeal. This would not be a feasible alternative in a case where the jury is sequestered. In the present case it was a necessary but difficult trial court decision. It seems unlikely that the legislature intended § 547.200 RSMo Supp.1984 appeals to involve such complications.

dence under the "good faith" exception. This exception is not applicable to the present case. The exception recognized in *Leon* and *Sheppard* applies when the defendant relies on the Fourth Amendment to quash seized evidence. Here we are concerned with a violation of statutes which rendered the warrant invalid. No authority has been cited and we find none to support the application of the "good faith" exception to excuse a failure to comply with search warrant statutes. We may not ignore the legislative provisions defining an invalid search warrant. The legislature and not this court must add the exception to the statutes if it is to be applied. Point denied.

█ The state's second point is that suppression of the evidence was error because it could have been seized incidental to the arrest and without a warrant. The abbreviated record before this court does not indicate that the trial court considered this issue. Because this argument stands upon a footing separate from application of the statutes and, if valid, would suffice to eliminate defendant's claim for relief, we will consider the issue on its merits. However, this point must also be ruled against appellant. Judge Gunn speaking for this court, said in *State v. Woods*, 637 S.W.2d 113 (Mo.App.1982):

> Incident to an arrest, an officer may conduct a warrantless search of the person of the arrestee and the area within her immediate control in order to prevent the arrestee from obtaining a weapon or destructible evidence. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Searches and seizures that could have been made at the time and place of arrest may be conducted later when the arrestee is at the place of detention. *United States v. Edwards*, 415 U.S. 800, 803, 94 S.Ct. 1234, 1237, 39 L.Ed.2d 771, 775 (1974). However, after police have reduced property of the arrestee, such as luggage, to their exclusive control, making it impossible for the arrestee to gain access to it, search of that property is no longer an incident to the arrest, and a search warrant must be secured. *United States v. Chadwick*, 433 U.S. 1, 15, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538, 551 (1977).

637 S.W.2d at 116. At the time of the search of defendant's automobile he was under arrest and in the custody of the Springfield Police Department. Under such circumstances a search warrant was required.

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

## ON MOTION FOR REHEARING

KAROHL, Judge.

The state filed a motion for rehearing contending that this opinion conflicts with the controlling authority on the necessity of a search warrant to conduct a search of an automobile. The state maintains that there was no need for a warrant in this case. Initially we note that the state's first brief devoted very little attention to this issue maintaining that the search was justified as an inventory search. The suggestions in support of the motion for rehearing extensively brief the issue discussing the validity of an evidentiary car search several days after the automobile was impounded.

█ The cases relied on by the state[1] find a subsequent search valid where there was probable cause for a search at the scene or when the car was impounded. The state finds probable cause here by noting that if a St. Louis police officer had

---

**1.** *United States v. Johns*, — U.S. —, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985); *Florida v. Meyers*, — U.S. —, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984); *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Olds*, 603 S.W.2d 501 (Mo. banc 1980); *State v. Whitehead*, 675 S.W.2d 939 (Mo. 1984); *State v. McCarty*, 460 S.W.2d 630 (Mo. 1970).

executed the arrest warrant he would have known what to search for i.e. photographs of defendant's wife. Probable cause must be found by the officer initially dealing with the automobile and not by someone who was not at the scene. *See State v. Hornbeck*, 492 S.W.2d 802, 805 (Mo.1973). Probable cause to search an automobile for evidence is found when an officer stops a car and suspects the presence of contraband,[2] weapons[3] or evidence of crimes.[4] *State v. McCarty*, 460 S.W.2d 630, 635–36 (Mo.1970).

■ Photographs of defendant's wife do not fall into any of these categories. In the present case the family photographs were to be used to support the testimony of the state's witness that defendant used them to identify the intended victim of the intended crime. The fact that something within the car may be used as evidence in a trial is not in itself probable cause to search a car without a search warrant. Nothing in the car at the time of arrest was direct evidence of a crime. The arresting officer had no reason to look for the photographs at the time of the warrant arrest.

There is no evidence that the photos were discovered as part of an inventory search.[5] In fact, the evidence indicates that the only purpose for the search was to execute an invalid search warrant. The car was not being held at a police lot. It was towed to and stored at a private tow company's lot. Even if the photos were identified as part of an inventory there was no reason to seize them as they are neither contraband, weapons or evidence of a crime.

It appears that the only justification for a warrantless search at the scene would be a search incident to the arrest. The state denies that this was such a search and our opinion discusses the invalidity of the search if it was. The arrest was pursuant to a warrant and not based on any probable cause.

The fact that the state initially applied for a search warrant indicates a belief that a warrant to search was needed. The warrant was invalid and this search does not qualify as a permissible warrantless search. The defendant had a reasonable expectation of privacy in his car. This search was not an immediate or delayed incident to the arrest. The arrest and search were not based upon probable cause. A valid search warrant was necessary. As there was not one the evidence must be suppressed.

Motion for rehearing denied.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

---

**2.** *United States v. Johns*, —— U.S. ——, 105 S.Ct. 881, 884, 83 L.Ed.2d 890 (1985); *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Carroll v. United States*, 267 U.S. 132, 153–54, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925); *State v. Olds*, 603 S.W.2d 501, 506 (Mo. banc 1980); *State v. McCarty*, 460 S.W.2d 630, 635 (Mo.1970); *State v. Jackson*, 646 S.W.2d 367 (Mo.App.1982).

**3.** *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419 (1970); *State v.*

*McCarty*, 460 S.W.2d 630, 636 (Mo.1970); *State v. Whitehead*, 675 S.W.2d 939 (Mo.App.1984).

**4.** *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419 (1970); *State v. McCarty*, 460 S.W.2d 630, 636 (Mo.1970); *State v. Ferguson*, 678 S.W.2d 873, 876 (Mo.App.1984).

**5.** *See South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) for a discussion of the validity of inventory searches.