**STATE of Missouri, Plaintiff–Respondent,**

v.

**Uel Joe FREEMAN, Defendant–Appellant.**

**No. 16573.**

Missouri Court of Appeals, Southern District, Division One.

June 14, 1990.

J. Bryan Allee, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Judge.

Uel Joe Freeman (hereafter referred to as "defendant") was charged and convicted, following a jury trial, of delivery of an imitation controlled substance (Count I) and two counts of selling marijuana (Counts II and III). § 195.020.[1] The jury assessed punishments of confinement for five years as to Count I, confinement for fifteen years as to Count II, and confinement for twenty years as to Count III. The trial court, after considering and overruling defendant's motion for new trial, imposed sentences in accordance with the punishments assessed by the jury.

■ Defendant appeals the judgment and sentences of the trial court. He alleges, as his first point on appeal, that he was denied a speedy trial in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States; of Article I, § 18(a) of the Missouri Constitution; and of § 545.780. As his second point, defendant alleges, as to Count III, that the sentence of twenty years was improper for the reason that at the time of sentencing, that sentence exceeded the maximum then authorized by law for the offense for which defendant was found guilty.

Defendant's points on appeal were not preserved for appellate review. Defendant failed to include either of those points in the motion for new trial that was before the trial court. Rule 29.11(d). For that reason, they will now be considered only as provided by Rule 30.20. Rule 30.20 states:

> Allegations of error that are not briefed or are not properly briefed on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment, verdict, judgment, or sentence. Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

■ Defendant was arrested May 15, 1987, in Butler County but he was not tried until July 24, 1989, in New Madrid County. After his arrest, defendant first appeared in court with his attorney on May 21, 1987. His case was reset, for purposes of conducting a bond reduction hearing, to June 1, 1987. On June 1, following the granting of a bond reduction, the case was set for preliminary hearing on June 15, 1987. Defendant filed a motion for change of judge (the date it was filed is not disclosed in the legal file). On June 4, that motion was sustained. A new judge was assigned the next day, June 5. The new judge set the case for preliminary hearing on June 16, 1987. On that day the case was passed to permit the "[p]arties to agree on date for preliminary hearing." On June 23, 1987, the record shows that "[b]y agreement of counsel cause is passed to 7/21/87 at 1:30 p.m. for preliminary hearing." Preliminary hearing was held July 21 and defendant was bound over to the Circuit Court, Division I.

Defendant next filed an "Application for Change of Judge and Venue." Those requests were ultimately granted. Since defendant had requested both a change of judge and change of venue, after the original judge disqualified, a special judge was transferred by the supreme court to hear the change of venue application. The case was then transferred, on change of venue, to the Circuit Court of New Madrid County. It was received by that court December 14, 1987.

On April 10, 1989 (after two trial dates had passed without the case being tried), a new attorney entered his appearance for defendant. On April 25, 1989, defendant filed a "Motion for Speedy Trial or for Dismissal of Charge." That same day, April 25, the case was set for trial for July 24, 1989. The case was tried on that date.

A review of the record in this case reveals that defendant contributed to the delay between the dates of his arrest and trial. That review fails to disclose any manifest injustice or miscarriage of justice

---

**1.** All references to statutes are RSMo 1986 unless otherwise stated.

occasioned by the delay. Based upon the record before this court, further review of defendant's speedy trial complaint is unwarranted. *See State v. Sweeney*, 701 S.W.2d 420, 427 (Mo. banc 1985).

■ Defendant's second point correctly states, with respect to Count III of the charges for which defendant was tried, that "at the time of sentencing [on September 12, 1989], the sentence imposed exceeded the authorized maximum, in that Section 195.211, RSMo Supp.1989, which was effective prior to [defendant's] sentencing, categorized the sale of marijuana in the quantities allegedly sold by [defendant] as a Class 'B' felony, with a maximum authorized sentence of 15 years imprisonment."

In 1989, the Missouri legislature enacted Senate Bills 215 and 58 which became law August 28, 1989. Those bills established a maximum punishment of fifteen years' imprisonment for the offense for which defendant was found guilty in Count III. Section 1.160(2) provides that if a prosecution is pending for an offense when its penalty or punishment "is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." That statute has been held to apply to the circumstances of this case. On the date defendant was sentenced, the maximum sentence that could be imposed for the offense charged in Count III was 15 years' imprisonment. *State v. Pena*, 784 S.W.2d 883, 889 (Mo.App.1990); *Hamil v. State*, 778 S.W.2d 247, 249–50 (Mo.App. 1989).

The judgment of conviction is affirmed as to the offenses charged in Counts I, II and III. The case is remanded to the trial court to resentence defendant, in Count III, in accordance with the range of punishment in effect on the date defendant was previously sentenced for the offense established by § 195.211, RSMo Cum.Supp.1989.

CROW, P.J., and PREWITT, J., concur.