**STATE of Missouri, Respondent,**

v.

**James Harlan WRIGHT, Appellant.**

**No. WD 42628.**

Missouri Court of Appeals,
Western District.

Sept. 18, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 30, 1990.

As Amended Oct. 30, 1990.

Thomas J. Cox, Kansas City, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and
MANFORD, and BERREY, JJ.

TURNAGE, Presiding Judge.

James Wright was charged with possession of marijuana. The jury found Wright guilty and the court followed the jury recommendation and assessed punishment at three years imprisonment.

Wright contends the court gave an erroneous instruction as to the range of punishment and that the prosecutor committed error in final argument. Judgment of conviction affirmed and cause remanded for re-sentencing.

The jury could have found from the evidence that Wright was in possession of less than 35 grams of marijuana at the time of his arrest. Wright was charged with having a previous conviction for possession of marijuana. At the time of his arrest the penalty for a second and subsequent offense for the possession of marijuana "less than 35 grams" was imprisonment for a term of not more than five years or confinement in the county jail for not more than one year, or a fine of $1,000, or both confinement and fine. Section 195.200.-1(1)(b), RSMo 1986.[1]

Subsequent to his arrest the legislature, in 1989, repealed § 195.200 and enacted § 195.202, RSMo (Supp.1989). Under the new section a person who possesses no more than 35 grams of marijuana is guilty of a Class A Misdemeanor. Punishment for a Class A Misdemeanor is imprisonment for a term not to exceed one year, § 558.011.1(5), a fine not to exceed $1,000, § 560.016, or both imprisonment and fine.

Section 195.202 became effective a few days prior to the trial, but the court instructed the jury that the range of punishment was that provided in the repealed section. As noted, the jury assessed punishment at three years imprisonment and the court sentenced Wright accordingly.

■ The State concedes that the court gave an erroneous instruction because under § 1.160 Wright was entitled to the benefit of the reduced punishment at the time of trial. The State contends that Wright is entitled only to be re-sentenced by the court under the range of punishment for a

Class A Misdemeanor. Wright contends that he may be entitled to a new trial. Wright relies on *State v. Bevins,* 328 Mo. 1046, 43 S.W.2d 432 (Mo. banc 1931), in which an erroneous instruction was given as to the range of punishment. The court stated, however, that the giving of an erroneous instruction as to punishment would not be reversible error "where it is patent from the record that the defendant was not thereby prejudiced." *Id.* 43 S.W.2d at 437[8]. In *State v. Hall,* 670 S.W.2d 193, 194[1, 2] (Mo.App.1984), the court was confronted with an instruction which contained an erroneous maximum punishment. The court quoted from *Bevins* with reference to the non-prejudicial effect of an instruction on punishment and stated: "Nor is a defendant entitled to a new trial if a jury assesses a sentence above the limit set by law. If that occurs the trial court is to pronounce a sentence within the statutory limits. Rule 29.04."

■ Rule 29.04 provides that if the jury assesses a punishment above the limit prescribed by law the court shall pronounce sentence and render judgment within the statutory limits prescribed for the offense. It is true there are several older cases which hold that the giving of an erroneous instruction with relation to punishment required a new trial. *State v. Duddrear,* 309 Mo. 1, 274 S.W. 360 (1925); *State v. Wright,* 409 S.W.2d 797 (Mo.App.1966). However, Rule 29.04 was not in effect when those cases were decided. The theory of Rule 29.04 seems to be that the finding of guilt is separate from the sentence recommended by the jury and a new trial is not required as to the guilt phase. Once guilt is established in a proper trial, a sentence beyond the proper maximum may be corrected by the court.

Wright has not demonstrated that the giving of an erroneous instruction as to the range of punishment prejudiced the jury in the finding of guilt. In this case no reason appears to require a second trial on guilt or innocence and Wright may be given the

**1.** All sectional references are to RSMo 1986,    unless otherwise indicated.

benefit of the reduction in the sentence range by a remand for re-sentencing.

 Wright raises the additional point that the prosecutor committed prejudicial error by making an argument relating to the seriousness of the possession of marijuana regardless of the quantity. There was no objection when the argument was made and the matter is raised now as plain error. In *State v. Wood*, 719 S.W.2d 756, 759[5] (Mo. banc 1986), the court stated:

> Relief should be rarely granted on assertion of *plain error* to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication.

No plain error is discerned.

The judgment of conviction is affirmed and this cause is remanded for the court to amend its judgment to show that Wright was convicted of a Class A Misdemeanor and to re-sentence Wright within the range of punishment authorized for a Class A Misdemeanor.

All concur.