STATE of Missouri, Respondent,

v.

Joseph WOMMACK, Appellant.

No. 16795.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 31, 1991.

---

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found appellant Joseph Wommack guilty of two crimes:

Count I: possessing cocaine, a Schedule II controlled substance, in violation of § 195.020.1, RSMo 1986;

Count II: possession with intent to deliver drug paraphernalia, in violation of § 195.020.3, RSMo 1986.

The jury assessed punishment at ten years' imprisonment on Count I and two years' imprisonment on Count II. The trial court imposed those sentences, ordering that they run consecutively.

Appellant presents one point relied on; it avers the sentence on Count I "exceeded the authorized maximum." As appellant does not challenge the sufficiency of the evidence to support the verdicts, we set forth only the facts necessary to resolve the lone assignment of error.

Both crimes occurred December 10, 1987.

On August 28, 1989, while appellant awaited trial, § 195.020, RSMo 1986—the statute appellant was charged with violating in Count I—was repealed by C.C.S.H.C. S.S.C.S.S.B. 215 and 58, Laws of Missouri 1989, pp. 597–641. The same legislation also repealed § 195.200, RSMo Supp.1988, the statute setting forth the range of punishment for violating § 195.020, RSMo 1986. Under § 195.200, the range of pun-

ishment for the crime charged against appellant in Count I was imprisonment in a state correctional institution for not more than twenty years or imprisonment in a county jail for not less than six months nor more than one year.

The legislation identified in the preceding paragraph contained a new provision making it unlawful to possess a controlled substance: § 195.202, RSMo Cum.Supp.1989. Under that section possessing cocaine is a class C felony.

Appellant's trial occurred October 23–24, 1989,[1] almost two months after the effective date of the legislation mentioned in the two preceding paragraphs. At the time of appellant's trial the maximum term of imprisonment for a class C felony was seven years. § 558.011.1(3), RSMo 1986. That is still true. § 558.011.1(3), RSMo Cum.Supp. 1990.

The verdict-directing instruction on Count I authorized the jury to assess punishment within the range set forth in § 195.200, RSMo Supp.1988, instead of § 558.011.1(3), RSMo 1986. Appellant registered no objection to the instruction at trial, nor did he mention it in his motion for new trial. At time of sentencing he voiced no protest that the sentence on Count I exceeded the maximum limit.

Section 1.160, RSMo 1986, provides:

"No offense committed ... or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses ... shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law."

---

1. These are the dates shown in the transcript. The docket sheets show October 24–25, 1989.

The result of this appeal is the same whichever dates are correct.

Appellant maintains in this appeal that by reason of § 1.160 he "was entitled to the benefit of the reduced punishment at the time of trial." Appellant asks this Court to "remand to the trial court for resentencing" on Count I as a class C felony.

■ Appellant concedes his point was not preserved in the trial court for review here. He argues, however, that we should review it as plain error. Under that standard the error complained of must impact so substantially upon the rights of the accused that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Driscoll,* 711 S.W.2d 512, 515[1] (Mo. banc 1986), *cert. denied,* 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986).

■ Appellant cites *State v. Wright,* 797 S.W.2d 811 (Mo.App.1990). There the accused was charged with possessing marijuana, second offense. When the crime occurred the range of punishment was imprisonment for not more than five years or confinement in jail not more than one year, or a fine, or both confinement and fine. § 195.200.1(1)(b), RSMo 1986. A few days before trial § 195.202, RSMo Cum.Supp. 1989, became effective. Under that section the accused was guilty of only a class A misdemeanor, the punishment for which cannot exceed one year's imprisonment, a fine not over $1,000, or both imprisonment and fine. The trial court instructed the jurors they could assess punishment within the range in force when the crime occurred. The jury assessed punishment at three years' imprisonment and the trial court imposed that sentence.

On appeal the Western District of this Court held § 1.160 entitled the accused to the benefit of the lesser range of punishment provided by the statutes in force when he was tried. *Wright,* 797 S.W.2d at 812. The Western District further held the accused was not entitled to a new trial, but only to vacation of the sentence and remand to the trial court for resentencing within the correct range of punishment. *Id.* at 812–13.

That is all the relief appellant seeks in the instant case. If we grant plain error review, *Wright* entitles appellant to that relief.

In *State v. Freeman,* 791 S.W.2d 471 (Mo.App.1990), the accused was tried by jury prior to the effective date of the 1989 legislation discussed earlier in this opinion. The jury found him guilty of three counts and assessed punishment on each count within the range authorized at time of trial. The 1989 legislation took effect after trial but prior to allocution and sentencing. The sentences assessed by the jury on one count (Count III) exceeded the authorized maximum established by that legislation. The trial court imposed the sentences assessed by the jury. The accused raised no issue about that in the trial court, but on appeal he sought plain error review of the sentence on Count III. This Court granted such review, affirmed the conviction of all three counts, and remanded the case to the trial court for resentencing on Count III within the range of punishment established by the 1989 legislation.

Consistent with *Wright* and *Freeman,* we hold appellant in the instant case is entitled to the relief he seeks regarding his sentence on Count I.

The State opposes that relief, maintaining that if appellant were tried today the evidence would support a conviction for trafficking drugs in the second degree, a class A felony under § 195.223.3, RSMo Cum.Supp.1990. The sentence imposed on appellant on Count I is the statutory minimum for a class A felony. Consequently, argues the State, the punishment for the crime appellant committed was not "reduced or lessened" by the 1989 legislation and appellant has not suffered any manifest injustice or miscarriage of justice.

We disagree. As we have seen, possessing cocaine was a crime prior to the 1989 legislation, and it remains a crime under that legislation although defined in a section bearing a new number. Appellant was tried for possessing cocaine, not trafficking it. The State cites no case holding we can declare appellant guilty of a different crime than the one submitted to the jury.

The judgment is affirmed except the sentence on Count I, which is vacated. The cause is remanded to the trial court for resentencing on Count I in accordance with this opinion. Upon resentencing appellant on Count I the trial court shall provide whether such sentence and the sentence on Count II (which remains undisturbed by this opinion) shall run consecutively or concurrently.

MAUS, P.J., and PREWITT, J., concur.