# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3845

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Randy Lee Neil, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: September 21, 2010
Filed: January 25, 2011

_____

Before GRUENDER, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellant Randy Lee Neil appeals the denial of his motion to quash a search warrant and suppress evidence discovered in his Polk County, Missouri, residence. Neil contends that the judge who issued the warrant lacked jurisdiction to do so. We disagree and affirm.[1]

In August 2007, Sergeant Daniel P. Basanik of the Missouri State Highway Patrol applied in the Circuit Court of Polk County, Missouri, for a warrant to search

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Neil's Polk County, Missouri, residence. But no Polk County judge was available at the time of the application and in accordance with Local Rule 6.6, the application was forwarded to an associate circuit judge in nearby Dallas County who issued the warrant. The warrant was executed and resulted in Neil's conditional guilty plea in federal court to one count of possession with intent to distribute five grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Neil argues that the Dallas County judge lacked statutory authority to issue a search warrant for his residence in Polk County. He contends that under Mo. Rev. Stat. § 542.266, the issuing judge was required to be a judicial officer in Polk County. Accordingly, he asserts, the warrant was invalid and the evidence discovered through the execution of the warrant must be suppressed and his conviction reversed.

But Neil's contention "fails to recognize that 'in determining whether evidence obtained solely by state officers is admissible in federal court in the first instance, it is usually irrelevant whether a state rule of criminal procedure was violated.'" *United States v. Howard*, 532 F.3d 755, 760 (8th Cir. 2008) (quoting *United States v. Maholy*, 1 F.3d 718, 721 (8th Cir. 1993)). The legality of the search and seizure is not determined by reference to a state statute, but by Fourth Amendment analysis. *Id*. Here, Neil does not argue that the warrant was unsupported by probable cause or not issued by a detached and neutral magistrate judge. And our review of the record indicates that the warrant complies with the Fourth Amendment. Accordingly, Neil's argument fails.

Alternatively, Neil's challenge fails even under state law. Missouri is divided into numerous "judicial circuits." Mo. Rev. Stat. § 478.073. Circuit number thirty includes Polk and Dallas Counties. *Id.* § 478.150. The circuit courts "have original jurisdiction over all cases and matters, civil and criminal." *Id.* § 478.070; *see also id.* § 541.020 ("Except as otherwise provided by law, the circuit courts shall have exclusive original jurisdiction in all cases of felony, misdemeanor and infractions.").

Subject to limited exceptions not at issue here, circuit judges and associate circuit judges "may hear and determine all cases and matters within the jurisdiction of their circuit courts." *Id.* § 478.220. With respect to warrants, "[a] search warrant may be issued by an appellate judge or by any judge of a court having original jurisdiction of criminal offenses within the territorial jurisdiction where the person, place, or movable or immovable thing to be searched is located at the time of the making of the application." *Id.* § 542.266. Local Rule 6.6 provides that "[w]hen the regular judge of any Associate or Probate Division is unable to act for any reason, any Judge of the circuit, other than Municipal judges, may . . . issue search warrants as provided by law or Supreme Court rule."

Here, the federal magistrate judge determined that no regular judge of Polk County was available to review the warrant application.[2] Accordingly, under Rule 6.6 another circuit judge could issue the warrant. And because Polk and Dallas Counties are part of the same judicial circuit, the Dallas County associate circuit judge had authority to issue the warrant for the search of Neil's Polk County residence.

Neil relies on *State v. Berkwit*, 689 S.W.2d 763, 765 (Mo. Ct. App. 1985), for the proposition that a judge from one county cannot issue a warrant authorizing a search in another county. But *Berkwit* is not so broad. In that case, the Missouri appellate court held that a judge in the City of St. Louis had no authority under Mo. Rev. Stat. § 542.266 to issue a warrant in Greene County because the subject of the warrant was not within the judge's territorial jurisdiction at the time the application was made. *See State v. Elliott*, 845 S.W.2d 115, 119 (Mo. Ct. App. 1993) (explaining the holding of *Berkwit*). Here, as previously explained, Polk and Dallas Counties are part of the same judicial circuit and the subject of the warrant, Neil's residence, was within the territorial jurisdiction of the judge who authorized the warrant.

---

[2]Neil contends that the government failed to prove the unavailability of the Polk County judge. But Neil has not established that the magistrate judge's factual finding (adopted by the district court) was clearly erroneous.

The judgment of the district court is affirmed.

_____